**NOT FOR PUBLICATION**

FILED

JUL 20 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALICIA MICHELLE REYES CHAVEZ, | No. 17-72597 |
| Petitioner, | Agency No. A206-644-665 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 15, 2026**

Before: McKEOWN, OWENS, and LEE, Circuit Judges.

Alicia Michelle Reyes Chavez, a native and citizen of Honduras, petitions

for review of the Board of Immigration Appeals' ("BIA") decision dismissing her

appeal from an immigration judge's decision denying asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). "We

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

review the denial of asylum, withholding of removal and CAT claims for substantial evidence." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.* As the parties are familiar with the facts, we do not recount them here. We deny the petition for review.

1. An asylum applicant "must demonstrate a nexus between her past or feared harm and a protected ground." *Garcia v. Wilkinson*, 988 F.3d 1136, 1143 (9th Cir. 2021). "Specifically, the protected characteristic must be 'a central reason' for the past or feared harm." *Id.* (citation omitted). A non-citizen's "desire to be free from harassment by criminals motivated by theft or random violence" bears no nexus to a protected ground. *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

Substantial evidence supports the BIA's determination that Chavez failed to establish a nexus between any past or feared harm and her proposed particular social group, "Honduran female minor children abandoned by family and without other surrogate support." Chavez primarily relies on three different attempted robberies by criminals who routinely terrorized her community. During these incidents, the assailants only threatened her and demanded payment. Chavez argues that she may have been targeted, in part, because her parents left her behind to move to the United States. However, she testified that she did not know the

2

criminals outside of these incidents and failed to provide any significant testimony indicating that they would have known her parents were in the United States. Instead, she testified that these men targeted her "because they wanted money" and to exercise their control over the people of the town. Additionally, during the third incident, Chavez was accompanied by friends who lived with their parents, yet the criminals still targeted the group. This suggests that the assailants were indiscriminately motivated by a desire for money, not by Chavez's proffered particular social group. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151 (9th Cir. 2010) (per curiam) ("Asylum is not available to victims of indiscriminate violence, unless they are singled out on account of a protected ground.").

2. While the nexus standard for withholding of removal is less demanding than for asylum, there is no distinction when there is "no nexus at all." *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017). Because substantial evidence supports that there was no nexus at all, we also uphold the BIA's denial of Chavez's withholding of removal claim.[1]

**PETITION DENIED**.

---

[1] Chavez waived any challenge to the denial of her CAT claim because she failed to raise it in her opening brief. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020).